UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————-X

HEALTH & WELFARE FUND OF THE UNITED FOOD
& COMMERCIAL WORKERS LOCAL 2013, AFL-CIO
BY ITS TRUSTEES LOUIS MARK CAROTENUTO
and STANLEY FLEISHMAN,                                                  **COMPLAINT**

Plaintiff,                              19-CIV-6993

-against-

SP PLUS CORPORATION,

Defendant.
——————————————————————————-X

Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL

WORKERS LOCAL 2013, AFL-CIO BY ITS TRUSTEES LOUIS MARK CAROTENUTO and

STANLEY FLEISHMAN ("Plaintiff LOCAL 2013 WELFARE FUND"), by its attorneys, BRADY

McGUIRE & STEINBERG, P.C., for its Complaint, respectfully allege:

1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act

of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to compel an audit of the Defendant's payroll

records, to recover contributions owed to an employee fringe benefit trust fund and for the breach of the

terms and conditions of a collective bargaining agreement.

## JURISDICTION

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515

of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.      Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2)

of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, as

shown below, Defendant SP PLUS CORPORATION ("SP PLUS") maintains its principal office for the transaction of business in the City of New York, County of New York, State of New York.

## THE PARTIES

4.      Plaintiff LOCAL 2013 WELFARE FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.  The Trustees of the LOCAL 2013 WELFARE FUND maintain the subject plan at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5.      LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiff LOCAL 2013 WELFARE FUND and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Plaintiff LOCAL 2013 WELFARE FUND is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

7.      Plaintiff LOCAL 2013 WELFARE FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

8.      Upon information and belief, Defendant SP PLUS was and still is a New York corporation with its principal place of business located at 360 West 31st Street, New York, New York.

9.      Upon information and belief, Defendant SP PLUS was and still is a foreign corporation duly licensed to do business in the State of New York.

10.      Upon information and belief, Defendant SP PLUS was and still is a foreign corporation doing business in the State of New York.

11.      Upon information and belief, Defendant SP PLUS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
### (AUDIT DEMAND)

12.     Plaintiff LOCAL 2013 WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 11 inclusive with the same force and effect as though more fully set forth at length herein.

13.     At all times relevant hereto, Defendant SP PLUS agreed to be bound by the terms and conditions of a collective bargaining agreement with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreement").

14.     Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

15.     In accordance with the Collective Bargaining Agreement and the Trust Agreement establishing Plaintiff LOCAL 2013 WELFARE FUND, Defendant SP PLUS is required to remit payment of an agreed upon monthly amount in fringe benefit contributions to said Plaintiff for each employee covered by the Collective Bargaining Agreement.

16.     Article XVII of the Collective Bargaining Agreement states that Defendant SP PLUS shall pay a negotiated amount in monthly health and welfare contributions on behalf of its employees.

17.     Pursuant to the terms of the Trust Agreement establishing Plaintiff LOCAL 2013 WELFARE FUND as referenced in the Collective Bargaining Agreement as well as the obligation to remit contributions pursuant to said Agreement and in accordance with ERISA, said Plaintiff is entitled to an audit of the books and records of Defendant SP PLUS.

18.     Section 209(a) of ERISA, 29 U.S.C. § 1059(a)(1) together with applicable case law provides that employers are required to maintain records so that employee benefit plans may review

them to determine whether contributions are due and employers, such as Defendant SP PLUS, have an

affirmative duty to furnish to Plaintiff the information needed for Plaintiff to fulfill its duties.

19.     In pertinent part, the Trust Agreement establishing Plaintiff LOCAL 2013 WELFARE

FUND states:

> Each Employer shall promptly furnish to the Trustees, on demand, the names of his
> Employees, their Social Security Numbers, the hours worked by each Employee and such
> other information as the Trustees may reasonably require in connection with the
> administration of the Fund and for no other purpose. The Trustees may, by their
> respective representatives, examine and audit the pertinent employment and payroll
> records of each Employer at the Employer's place of business whenever such
> examination is deemed necessary or advisable by the Trustees in connection with the
> proper administration of the Fund.

20.     Upon information and belief, Defendant SP PLUS may have underreported the number of

employees, the amount of employee hours worked, wages paid to its employees and the contributions

therefore due to Plaintiff LOCAL 2013 WELFARE FUND for the period of January 1, 2015 through

December 31, 2016.

21.     Although Plaintiff LOCAL 2013 WELFARE FUND formally requested the production of

the payroll records, to date, Defendant SP PLUS has refused to cooperate with an audit and Plaintiff

LOCAL 2013 WELFARE FUND therefore demands an audit of the books and records of Defendant SP

PLUS for the period of January 1, 2015 through December 31, 2016.

### AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

22.     Plaintiff LOCAL 2013 WELFARE FUND repeats and realleges each and every

paragraph of the Complaint numbered 1 through 21 inclusive with the same force and effect as though

more fully set forth at length herein.

23.     Upon information and belief, Defendant SP PLUS has failed to provide the contractually

required fringe benefit contributions for the period of January 1, 2015 through December 31, 2016 in the

amount of not less than $175,000.00.

24.     Despite repeated efforts by Plaintiff LOCAL 2013 WELFARE FUND to collect the contributions owed, Defendant SP PLUS remains delinquent in making the proper contribution payments to said Plaintiff.

25.     Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant SP PLUS, said Defendant is liable to Plaintiff LOCAL 2013 WELFARE FUND in the amount of not less than $175,000.00, along with the costs of the audit.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

26.     Plaintiff LOCAL 2013 WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 25 inclusive with the same force and effect as though more fully set forth at length herein.

27.     The failure of Defendant SP PLUS to remit the required fringe benefit contribution payments to Plaintiff LOCAL 2013 WELFARE FUND for the period of January 1, 2015 through December 31, 2016 in the amount of not less than $175,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

28.     Despite repeated efforts by Plaintiff LOCAL 2013 WELFARE FUND to collect the contributions owed, Defendant SP PLUS remains delinquent in making the proper contribution payments to said Plaintiff.

29.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Fund: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the

rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages;

(d) reasonable attorneys' fees; and (e) costs and disbursements, including the cost of the audit.

30.     Accordingly, as a direct and proximate result of the breach of the Collective Bargaining

Agreement by Defendant SP PLUS and as a result thereof having violated Section 515 of ERISA, 29

U.S.C. § 1145, said Defendant is liable to Plaintiff LOCAL 2013 WELFARE FUND in the amount of

not less than $175,000.00, together with accumulated interest on the unpaid fringe benefit contributions,

liquidated damages, reasonable attorneys' fees, along with the costs and disbursements, including the

cost of performing the audit, all incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. §

1132.

**WHEREFORE**, Plaintiff demands judgment on the First Cause of Action as follows:

1.     An Order requiring Defendant SP PLUS CORPORATION to submit its books and

records to Plaintiff's designated representative for an audit in accordance with the applicable provisions

of ERISA, the Trust Agreement establishing Plaintiff Trust Fund and the Collective Bargaining

Agreement for the period of January 1, 2015 through December 31, 2016 with the cost thereof to be the

responsibility of said Defendant.

**WHEREFORE**, Plaintiff demands judgment on the Second Cause of Action as follows:

1.     Of Defendant SP PLUS CORPORATION in the amount of contributions determined to

be due and owing to Plaintiff LOCAL 2013 WELFARE FUND of not less than $175,000.00.

**WHEREFORE**, Plaintiff demands judgment on the Third Cause of Action as follows:

1.     Of Defendant SP PLUS CORPORATION in the amount of contributions determined to

be due and owing to Plaintiff LOCAL 2013 WELFARE FUND not less than $175,000.00, together with:

a.     Prejudgment interest, computed at the plan rate or the applicable United States

Treasury rate from the date on which the first payment was due on the total amount owed by Defendant,

in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b.  Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of

ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c.  Attorneys' fees, audit costs, along with the costs and disbursements of this action

in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d.  Such other and further relief as the Court may deem just and proper in accordance

with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
   July 26, 2019

         Respectfully submitted,

         BRADY McGUIRE & STEINBERG, P.C.

    By:  */s/ James M. Steinberg*

         _____
         James M. Steinberg, Esq.
         Attorneys for Plaintiffs
         *U.F.C.W. Local 2013 Health & Welfare Fund*
         303 South Broadway, Suite 234
         Tarrytown, New York 10591
         (914) 478-4293