# BRADY McGUIRE & STEINBERG, P.C.

ATTORNEYS-AT-LAW

303 SOUTH BROADWAY

SUITE 234

TARRYTOWN, NEW YORK 10591

TELEPHONE (914) 478-4293

FACSIMILE (914) 478-4142

WWW.BRADYMCGUIRESTEINBERG.COM

MATTHEW G. McGUIRE
PARTNER

JAMES M. STEINBERG
PARTNER

BEVERLY G. ROSELL
LEGAL ASSISTANT

ROBERT D. BRADY
RETIRED

PATRICK McHUGH
OF COUNSEL

PETER T. SHERIDAN
OF COUNSEL

CONNECTICUT OFFICE
595 SUMMER STREET
2nd FLOOR
STAMFORD, CT 06901
TELEPHONE (203) 403-2217

Direct EMAIL james@bradymcguiresteinberg.com

January 6, 2021

Via ECF Filing Only

The Honorable George B. Daniels
United States District Court
500 Pearl Street
New York, New York 10007

**SO ORDERED**
The initial conference is adjourned from January 20, 2021 to March 10, 2021 at 9:30 a.m.

/s/ George B. Daniels

Re: Health & Welfare Fund of the U.F.C.W.
Local 2013 v. SP Plus Corporation
Civil Case No. 19-CIV-6993 (GBD)

Dear Judge Daniels:

Our office represents Plaintiff Health & Welfare Fund of the United Food & Commercial Workers Local 2013, AFL-CIO in connection with the above-captioned matter which is currently scheduled for an initial pretrial conference on January 20, 2021 at 9:30 a.m. The purpose of this correspondence is to provide Your Honor with a further status report and to request another adjournment of the conference for the reasons explained hereafter. Opposing counsel, Lisia Leon, joins in making this report and request.

This action was commenced by Plaintiff pursuant to ERISA and the LMRA to compel an audit of Defendant's payroll records in order to determine whether the proper amount in fringe benefit contributions was remitted for the period of January 1, 2015 through December 31, 2016, and to compel, to the extent Plaintiff contends there is a deficiency, payment of any deficiency which is scheduled after the audit has been completed. In connection with the audit process, Defendant SP Plus Corporation produced the documents requested by Plaintiff's auditor. In order to complete the audit procedures and issue a report, the auditor must review the remittance reports which accompanied the initial contribution payments for the period in question. Electronic copies of these records were maintained on the Fund Office's computer server which continues to be inoperative. Efforts, to date, by Plaintiff's IT department to repair the server have been unsuccessful. Accordingly, a search of paper copies of records is underway in the

hope of locating these remittance forms. Yesterday, Ms. Leon and I spoke and she was able to facilitate the production of quarterly payroll tax returns and employee rosters (in excel format) which may alleviate the need to review the remittance forms.

Although the parties recognize that this process has taken quite some time, the Court is apprised that we have been working diligently and in a cooperative manner in order to conclude the audit process and issue a report. At this time, we respectfully suggest that the Court adjourn the initial conference for another 45 days since we anticipate this time being enough to complete the audit, issue a report and engage in productive discussions that may result in the formal resolution of this case.

In the event that you have any questions, kindly contact the undersigned.

Respectfully submitted,

/s/ James M. Steinberg

James M. Steinberg, Esq.

cc: Lisia Leon, Esq.
    Ms. Jackie Dowling
    Ms. Megan Bellew